*38 OPINION.
Smith :
During the taxable years Fear & Co. conducted the business of the Doxsee Co. as a department of its own business. At the time of the organization of the latter company in 1918 the stockholders of the company recognized that their shares of stock had no value except such as might be given to them by the financial assistance which was to be given to the corporation by Fear & Co. The assets of the latter company consisted of a strip of land on the Island of Marco, off the coast of Florida, of a building and some equipment which had little value. The evidence shows that if Fear & Co. had insisted upon acquiring all of the stock of the subsidiary company at the time of the reorganization in 1918, it could have done so. Out of sentimental reasons the two stockholders of Fear & Co. were willing that the members of the Doxsee family holding shares of *39 stock in the old company should have a like number of shares in the new company but only with the provision that Fear & Co. should have complete control of the policies and management of the subsidiary company and vote its stock as it desired. There is no reason to question the arrangement that was made. Under-the facts the petitioners must be held to be affiliated with the subsidiary company during the calendar years 1919, 1920, and 1921.
Fear & Co. claims that it made a loan to the Doxsee Co. in 1918, of $30,000, and that there was a complete understanding that in case the loan could not be paid out of profits of the subsidiary company before additional amounts were advanced upon notes given to it by the subsidiary company, the loan was a loss. We think that the evidence does not warrant such an interpretation of the agreement made. Fear & Co. acquired $30,000 par value of the capital stock of the subsidiary company. Apparently the $30,000 was advanced to the subsidiary company as a consideration for the stock. In 1920 Fear & Co. retained this stock interest in the subsidiary company. But if it might be held that the loan was payable only out of profits there apparently was no reason to suppose that that loan might not be paid out of profits' subsequent to 1920. From a consideration of the entire evidence we are of the opinion that the action of the Commissioner in disallowing the deduction of any loss in 1920 is correct.

Judgment will be entered on 15 days' notice, under Rule 50.

Considered by Littleton, Tettssell, and Love.